UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| STEVEN MULLINS, | ) |
| --- | --- |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 4:16-CV-1484 JAR |
| RICHARD LISENBEE, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Plaintiff, a prisoner, seeks leave to proceed in forma pauperis in this civil action under 42 U.S.C. § 1983. Having reviewed plaintiff's financial information, the Court finds that he has no funds to pay any portion of the fee. The motion is granted, and no initial filing fee will be assessed. *See* 28 U.S.C. § 1915(b)(4). Additionally, upon review the case is dismissed.

### Standard of Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a

context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true. Furthermore, the Court liberally construes the allegations.

## The Complaint

Plaintiff brings this action against Phelps County Sheriff Richard Lisenbee, Corporal John Scott, Nurse Deon Kelly, and Lieutenant Matt Shults. He alleges that on June 26, 2016, he "got into an altercation" with a female. He says he opened the back door of her car while the engine was running, and he claims she put the car in reverse and he was struck by the car door. He fell down and sustained an injury to his right hip and leg.

Plaintiff alleges that defendant Scott arrived at the scene and took him into custody. He asked Scott for medical treatment, but he claims that Scott denied the request. He asserts that Scott "grabbed" his injured leg and pushed it into the car.

When he arrived at the Phelps County Jail, he exhibited "discomfort." He had trouble sitting down or lying on his stomach. Defendant Kelly assessed him and did not provide him with any treatment. On July 8, 2016 Kelly assessed him again and determined that he had bruising and strained muscles. She gave him Tylenol, but she did not take an X-ray of his leg.

Plaintiff alleges that defendant Shults is knowledgeable of the Jail's policies and procedures. And he claims that defendant Lisenbee is responsible for training his deputies.

## Discussion

The allegations in the complaint are duplicative of the allegations plaintiff brought in the case *Mullins v. Phelps County Sheriff's Dept.*, No. 4:16-CV-1188 JAR, (E.D. Mo.), which the Court dismissed pursuant to 28 U.S.C. § 1915(e). Plaintiff has added no new substantive

2

allegations. As a result and for the reasons previously stated, the complaint will be dismissed as frivolous. *E.g.*, *Cooper v. Delo*, 997 F.2d 376, 377 (8th Cir. 1993) (§ 1915(e) dismissal has res judicata effect on future IFP petitions). The dismissal is without prejudice to refiling as a fully-paid complaint.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice.

Dated this 5th day of October, 2016.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE